UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BRAGG,

    Plaintiff,

v.                                        Case No. 11-10579

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                          /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    In this appeal from Defendant Commissioner's of Social Security denial of disability insurance benefits to Plaintiff Jeffrey Bragg, Magistrate Judge Mona K. Majzoub issued a report and recommendation ("R&R") advising the court to grant Defendant summary judgment. Plaintiff filed timely objections to the R&R and, at the behest of the court, Defendant responded. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the thorough, well-reasoned R&R, the court will overrule Plaintiff's objections, adopt the R&R, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge, in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff raises two objections to the R&R. First, he challenges whether the Magistrate Judge correctly concluded that the ALJ's assessment of his residual functional capacity ("RFC"), insofar as the ALJ deemed him capable of semi-skilled work, was supported by substantial evidence. Second, he disagrees with the

Magistrate Judge that the medical opinion from his treating physician was patently deficient, so that the ALJ's failure to give good reasons for rejecting it was harmless. Neither objection has merit, and the court will adopt the R&R in full.

### A.  RFC to Perform Semi-Skilled Work

Plaintiff argues that the ALJ's RFC finding that he can perform semi-skilled work is not supported by substantial evidence, asserting that the ALJ "cherry-picked facts" supporting a higher RFC than was warranted by Plaintiff's impairments.  (Pl.'s Obj. 2, Dkt. # 14.)  As noted above and in the R&R, the court does not consider this contention on a clean slate.  Rather, the ALJ's decision "cannot be overturned if substantial evidence, *or even a preponderance of the evidence*, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (emphasis added).

In Plaintiff's summary judgment motion, he contends that the semi-skilled work aspect of his RFC is inconsistent with the ALJ's finding that he has moderate limitations in concentration, persistence, and pace.  (Pl.'s Mot. Summ. J. 15, Dkt. # 10.)  The Magistrate Judge noted in the R&R that Plaintiff cites no evidence to contradict the ALJ's RFC with respect to his mental condition; the Magistrate Judge also determined that substantial evidence supported the ALJ's conclusion that Plaintiff's mental condition had not disabled him.  (R&R 20 n.4, Dkt. # 13.)  The court agrees.  Although the ALJ found Plaintiff to suffer from a history of alcoholism and a major depressive disorder, the ALJ reviewed Plaintiff's own statements to physicians regarding alcohol use and Plaintiff's history of psychiatric treatment to determine that Plaintiff did not suffer from disabling emotional symptoms.  This evidence, which included a Global Assessment of

4

Functioning score that correlated only to "mild symptoms" and a diagnosis of "generally functioning pretty well," is reasonably adequate to support the ALJ's conclusion that Plaintiff could perform semi-skilled work, notwithstanding any limitations in concentration, persistence, and pace. Thus, substantial evidence supports the ALJ's determination, and Plaintiff's first objection will be overruled.

## B. Treating Source Opinion

Plaintiffs' second objection reiterates his argument that his case should be remanded to the Commissioner because the ALJ failed to give controlling weight to the opinion of his treating physician, Dr. Mungara, without identifying good reasons for discounting it. Under the so-called treating source rule, an ALJ must give a treating physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ decides a treating source's opinion should not be accorded controlling weight, he must then decide what weight to give it with reference to the following factors: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must "always give good reasons in [his] notice of determination or decision for the weight [given a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

Plaintiff is correct that the ALJ found Plaintiff to have a RFC that was less restrictive than Dr. Mungara's assessment without explicitly considering Dr. Mungara's

opinion, in contravention of the treating source rule. Nevertheless, as the Magistrate Judge discussed, a case will not be remanded for a violation of the good reasons requirement if "'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it.'" *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)). As extensively detailed in the R&R, Dr. Mungara's opinion simply "checked boxes" and gave cursory assessments without offering "objective evidence on how she came to her conclusions," aside from single word responses of "MRI," "labs," or "pain." (R&R 19.) In contrast, the ALJ extensively documented "other substantial evidence" in Plaintiff's medical records that contradicted Dr. Mungara's assessment. *See* 20 C.F.R. § 404.1527(d)(2). Accordingly, aside from showing that Dr. Mungara's opinion was patently deficient, the ALJ's analysis demonstrates that any failure to specifically discuss the opinion might also be considered harmless error because "'the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation.'" *Cole*, 661 F.3d at 940 (alteration in original) (quoting *Friend*, 375 F. App'x at 551).

Plaintiff's objections to the R&R do not directly challenge these conclusions. Rather, he asserts only that § 1527(d)(2) should be strictly enforced—an argument contradicted by clear Sixth Circuit precedent, *see, e.g.*, *Cole*, 661 F.3d at 940—and that, if the ALJ could not ascertain the basis of Dr. Mungara's opinion, he was obligated to "'make "every reasonable effort" to recontact [Dr. Mungara] for clarification of the reasons for the opinion,'" (Pl.'s Obj. 3 (quoting SSR 96-5P, 1996 WL 374183, at *6 (July 2, 1996))). However, as the Magistrate Judge pointed out, the administrative record

6

was not simply devoid of support for Dr. Mungara's conclusions, such that further investigation by the ALJ on remand might result in a confirmation of Dr. Mungara's recommended limitations. See *D'Angelo v. Comm'r of Soc. Sec.*, 475 F. Supp. 2d 716, 722 (W.D. Mich. 2007). The evidence before the ALJ—including treatment notes from Plaintiff's prior visits with Dr. Mungara herself, (*see* R&R 19)—actually *contradicted* Dr. Mungara's opinion. Thus, the ALJ was not left unable to ascertain the basis of Dr. Mungara's assessment; he was able to discount that assessment as not "supportab[le]" and "[in]consisten[t] . . . with the record as a whole." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Plaintiff's second objection will be overruled, as substantial evidence supports the ALJ's implicit rejection of Dr. Mungara's opinion.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 14] are OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 13] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 11] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 10] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2012, by electronic and/or ordinary mail.

                         s/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522